**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| MATTHEW MINOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 2024-1079-LM (BWD) |
| SONYA MINOR, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER RESOLVING EXCEPTIONS

WHEREAS:

A.      On March 27, 2026, the Magistrate in Chancery issued an oral post-trial final report (the "Final Report") in the above-captioned action.  Dkt. 47.  Under Court of Chancery Rule 144(d)(1), any exceptions to the Final Report were due "within 11 days of the date of the Final Report," by April 7.  Ct. Ch. R. 144(d)(1).

B.      On April 9, defendant Sonya Minor ("Defendant") filed exceptions to the Final Report (the "First Exceptions").  Dkt. 38.

C.      On April 13, the Chancellor entered an Order Regarding Procedural Review under Court of Chancery Rule 144(c)(3) (the "Procedural Review Order").  Order Regarding Procedural Review, Dkt. 39.  The Procedural Review Order reassigned this action to me solely for the purpose of hearing the First Exceptions, and stayed consideration thereof until the Magistrate in Chancery conducted a procedural review of the First Exceptions.  *Id.* ¶¶ 1–2.  The Procedural Review Order

directed the Magistrate Judge to file an addendum to the Final Report recommending whether the First Exceptions should be heard. *Id.* ¶ 3. The Procedural Review Order further ordered that "[a]ny exception to the Magistrate's recommendation shall be filed within ten (10) days of the filing of the addendum." *Id.* ¶ 5.

D.    On April 15, the Magistrate in Chancery issued an Addendum to Magistrate's Final Report (the "Addendum"). Addendum to Magistrate's Final Report, Dkt. 44. The Addendum determined that "the notice of exceptions was untimely" and therefore "recommend[ed] [that] the [First] [E]xceptions be dismissed without further consideration." *Id.* at 3. The Addendum further stated that, "[p]er Chancellor McCormick's order, the [D]efendant has 10 days to file an exception to this [A]ddendum." *Id.* Under the Procedural Review Order and the Addendum, therefore, exceptions to the Addendum were due by April 29.

E.    On May 8, Defendant filed exceptions to the Addendum titled "Defendant's Request for Relief Based on Excusable Neglect" (the "Second Exceptions"). Dkt. 50.

F.    On May 11, the Chancellor filed a letter reassigning this action to me for the limited purpose of resolving the Second Exceptions. Dkt. 51.

G.    On July 9, counsel for plaintiff Matthew Minor filed an opposition to the Second Exceptions. Dkt. 58.

NOW, THEREFORE, IT IS HEREBY ORDERED, this 17th day of July 2026, as follows:

1. I have reviewed the record *de novo*. *See DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999). Good cause does not exist to expand the record. *See* Ct. Ch. R. 144(e).

2. The Second Exceptions take exception to the Addendum's recommendation that the First Exceptions be denied as untimely. Because the Second Exceptions were untimely, the First Exceptions are denied as moot.

3. Under the Procedural Review Order, exceptions to the Addendum were due by April 29. Defendant did not file the Second Exceptions until May 8.

4. Defendant has not demonstrated that her untimely filing was the result of excusable "neglect which might have been the act of a reasonably prudent person under the circumstances." *Encite LLC v. Soni*, 2011 WL 1565181, at \*2 (Del. Ch. Apr. 15, 2011). Defendant says that the Second Exceptions were untimely because she is self-represented, misplaced her mailbox key, and dealt with a family emergency until April 24. Dkt. 50. This explanation might be sufficient if the filing was just one or two days late, but it does not excuse filing the Second Exceptions nine days after the deadline. *See IMO Est. of Weil*, 2023 WL 7134396, at \*2 (Del. Ch. Oct. 30, 2023) (ORDER) (finding exceptions were untimely where

3

"[r]easonable diligence would have led any person, even a self-represented party, to meet th[e] deadline or seek an extension before the deadline passed").

5. The Second Exceptions are denied as untimely. The First Exceptions are denied as moot.

/s/ Bonnie W. David

Bonnie W. David
Vice Chancellor